IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| LAURA VROLYK-LEBLANC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | Civil Action No. 1:04-CV-646 |
| v. | § | |
| | § | |
| ALBERTO GONZALES, U.S. ATTORNEY GENERAL, | § | JUDGE RON CLARK |
| | § | |
| *Defendant*. | § | |

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR EXTENSION OF TIME

Before the court is Plaintiff's Motion for Extension of Time to File a Response to Defendant's Motion for Summary Judgment [Doc. #26]. Plaintiff is correct that the court granted Defendant two extensions of time to file its summary judgment.  On  November 14, 2005, the court specifically put counsel on notice that filing a late summary judgment does not guarantee a ruling before trial [Doc. #14].

Defendant requested its second extension of time to file a dispositive motion because Defendant intended to take expert depositions and use the transcripts in a dispositive motion. However, after a brief review of Defendant's summary judgment, there is no mention of expert testimony and expert transcripts are not attached to the motion.  Summary judgments are granted when there are no issues of material fact.  Usually a Defendant knows, soon after reviewing the original complaint, the issues upon which a motion will  be filed, and can plan discovery to support the motion.  This is a Title VII non-selection case, of the type counsel have presumably handled before, so the law should not be new.  The fact that the parties decided on a leisurely approach to their dispositive motions is not a good reason to delay trial preparation.  This court makes every effort to dispose of even complicated motions promptly.  As the court warned counsel, if the parties agree to file motions and replies shortly before trial, they must understand

that these may be "carried" through the trial. After considering the motion to extend the response date, the court finds it meritorious and hereby grants the motion.

Plaintiff has additionally requested the court to delay the trial until May. As the court previously stated to both parties, a delay of one deadline is not a reason to delay another, especially the trial date. The court will make every effort to coordinate with all parties and Courts regarding the scheduling of the trial date. The request to move the trial to May is denied.

IT IS THEREFORE ORDERED that the deadline for Plaintiff to file a response to Defendant's summary judgment motion is extended to February 20, 2006, and that Plaintiff's motion [Doc. #26] is **GRANTED** as to that, but the motion to contine the trial is **DENIED.**

So **ORDERED** and **SIGNED** this **25** day of **January, 2006.**

_____
Ron Clark, United States District Judge